UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERAESA FULLER,

        Plaintiff,         CIVIL ACTION NO. 17-cv-13272

    v.        DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Teraesa Fuller seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 6.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on May 18, 2015, and an application for supplemental security income on May 19, 2015, alleging that she has been disabled since May 14, 2014, due to hypertension, parathyroidism, and obesity. (TR 77-78, 221-233, 264.) The Social Security Administration denied Plaintiff's claims on September 23, 2015, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ). (TR 77-100, 139-40.) On January 19, 2017, Plaintiff appeared with a representative and testified at a hearing before ALJ Elias Xenos. (TR 37-72.) The ALJ subsequently issued an unfavorable decision on March 6, 2017, and the Appeals Council declined to review the ALJ's decision. (TR 1-6, 15-32.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 13 at 5-7), Defendant (docket no. 17 at 4-10), and the ALJ (TR 21-32) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 14, 2014, and that Plaintiff suffered from the following severe impairments: hypertension, bilateral bunions on feet, bilateral flat feet, obesity, status-post

umbilical hernia repair, and depression. (TR 17.) The ALJ also found that Plaintiff's pre-diabetes and parathyroidism were non-severe impairments. (TR 18.) Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 18-20.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant can never climb ladders, ropes or scaffolds; The claimant can perform frequent climbing of ramps and stairs, and frequent stooping; The claimant must be permitted to alternate between sitting and standing at will, provided the claimant is not off task more than 10% of the work period; The claimant is limited to a work environment free of fast paced production requirements.

(TR 20-31.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing past relevant work as a gate security guard. (TR 31-32.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from May 14, 2014, through the date of the decision. (TR 15, 32.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.     Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) the ALJ's finding that Plaintiff can perform her past relevant work as a gate security guard is not supported by substantial evidence; and (2) the ALJ's assessment of Plaintiff's RFC is inaccurate and not supported by substantial evidence. (Docket no. 13 at 9-16.) Because the RFC determination proceeds the determination of whether a claimant can perform past relevant work in the sequential evaluation process, the undersigned will address Plaintiff's arguments in reverse order.

*1. The ALJ's Assessment of Plaintiff's RFC*

Plaintiff argues that the ALJ's assessment of Plaintiff's RFC is inaccurate and not supported by substantial evidence because it does not include "the entirety of Plaintiff's documented limitations." (Docket no. 13 at 14-16.) The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id*. He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7. In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Her*, 203 F.3d at 391. Accordingly, it is Plaintiff's burden to prove that she has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her*, 203 F.3d at 392). But Plaintiff does not explicitly state what additional limitations the ALJ should have included in Plaintiff's RFC. Rather, Plaintiff argues that the medical evidence of record does not support an RFC of light work. (Docket no. 13 at 15.) In support of this argument, Plaintiff cites her hearing testimony that she left her job as parking booth attendant on May 14, 2014 because her feet got bad and she was unable to sustain the extended periods of walking that it required. (*Id.* (citing TR 50); TR 47-48.) Plaintiff also cites to a treatment record from her May 12, 2016 appointment with a podiatrist, Dr. Jason Kurek, which reflects that she complained of suffering from arch pain if she was on her feet for a long time. (*Id.* (citing TR 384).)

Plaintiff has not cited any objective medical evidence or medical opinion evidence in support of her argument. Plaintiff has only cited her subjective complaints, which the ALJ is not required to accept. *Jones*, 336 F.3d at 476. The ALJ did, however, explicitly consider the subjective complaints cited by Plaintiff, and he found that they were not entirely consistent with the medical evidence and the other record evidence. (TR 21, 22.) Specifically, in evaluating the record and finding that Plaintiff has a physical RFC to perform a limited range of light work, the ALJ stated, in relevant part:

> [A]s noted above, the claimant's treatment records document no efforts by her to seek treatment for her feet prior to a May 2016 visit with Dr. Kurek, and document no further visits by the claimant to a podiatrist since that month. Moreover, as noted above, the claimant's treatment records provide no support for her testimony regarding her use of a cane, and show that the claimant in fact repeatedly denied needing to use a cane or other assistive device during visits with her doctors.

7

>Additionally, as noted above, the claimant's psychiatrist has repeatedly observed her to exhibit a normal gait.

(TR 30.) The ALJ also relied upon and gave great weight to the assessment provided by Dr. Cynthia Shelby-Lane, who performed a consultative examination of Plaintiff and noted that she did not use a cane or aid for walking; was able to get on and off the exam table slowly; performed a tandem walk, heel walk, and toe walk slowly; was able to perform 70% of a squat and 80% of a bend; had a stable and normal gait; and had a normal range of motion in her spine and extremities, with intact sensation, fair muscle tone, normal grip strength, and no leg ulcers, edema, or muscle atrophy. (TR 27, 374-82.) Notably, Dr. Shelby-Lane did not assess any physical limitations, and she opined that Plaintiff "has multiple conditions which are apparently under good control." (TR 376.)

The above discussion demonstrates that the ALJ weighed the medical and non-medical evidence in conjunction with Plaintiff's subjective complaints and developed a physical RFC based on the evidence that he found to be consistent with and supported by the record. The ALJ's RFC assessment is supported by substantial evidence, and it should not be disturbed.

### 2. *The ALJ's Step-Four Determination*

At step four of the sequential evaluation process, the ALJ determined that Plaintiff is capable of performing past relevant work as a gate security guard, as it does not require the performance of work-related activities precluded by Plaintiff's RFC. (TR 31-32.) Plaintiff argues that the ALJ's determination in this regard is not supported by substantial evidence because it does not account for the extensive walking requirements of her former job. (Docket no. 13 at 9-12.)

As noted above, Plaintiff carries the burden at step four of the sequential evaluation process of showing that she does not have the RFC to perform relevant past work. The Sixth Circuit clarified this burden in *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074 (6th Cir.

1987), rejecting the view that the term "past relevant work" refers only to a claimant's specific past job. Specifically, the Sixth Circuit stated:

> Studaway's argument rests on the incorrect assumption that his burden is to show merely an inability to return to his old job as a janitor. "This view rests on too narrow a construction of the standard of eligibility for benefits." *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). Rather, the Act requires that he show that his impairments are so severe that he is "unable to do his previous work...." 42 U.S.C. § 423(d)(2)(A). He must prove "an inability to return to his former *type* of work and not just to his former job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986).

*Studaway*, 815 F.2d at 1076. Indeed, "[u]nder sections 404.1520[f] and 416.920[f] of the regulations, a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform: (1) The actual functional demands and job duties of a particular past relevant job; *or* (2) The functional demands and job duties of the occupation as generally required by employers throughout the national economy." Social Security Ruling (SSR) 82-61, 1982 WL 31387, at *2 (S.S.A. 1982). *See also Hohnberger v. Comm'r of Soc. Sec.*, 143 F. Supp. 3d 694, 700 (W.D. Mich. 2015) ("It is well accepted that if a claimant cannot perform her past relevant work as she actually performed it, but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found not disabled." (citations and internal quotation marks omitted).

Here, the ALJ found that Plaintiff had the RFC to perform a limited range of light work. (TR 20.) The ALJ then properly relied on the VE's testimony in finding that gate security guard jobs existed at a level at which Plaintiff was capable of performing.[1] Specifically, after Plaintiff

---

[1] Under the Social Security Administration's regulations,

> A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous

9

described her former job as a parking booth attendant for Prudential Security at the administrative hearing (TR 47-50), the VE, upon the ALJ's request, classified this work as "security gate guard/parking, DOT code 372.667-034," which was in the light duty range with an SVP of 3 per the Dictionary of Occupational Titles (DOT) (TR 67). The ALJ then asked the VE whether an individual with the same age, education, work experience, and RFC as Plaintiff could perform Plaintiff's past relevant work. (TR 68, 69.) The VE responded as follows:

> VE: Not as performed as the Claimant – well, we can't do the janitor position because that [sic] medium duty, and the – as performed by the Claimant, the gate security guard wouldn't be possible. However, based on my professional experience, gate security guards can offer a sit/stand option.
>
> ALJ: All right.
>
> VE: And are not requiring fast production rates, which I also relied on professional experience –

(TR 69.) The ALJ interpreted the VE's testimony as meaning that the hypothetical individual could perform Plaintiff's past work as a gate security guard, and he relied on that testimony in reaching the same determination at step four of the sequential evaluation process. (TR 31-32.)

Plaintiff argues that the ALJ misrepresents the VE's testimony because "the VE testified that the gate security guard position would not be possible as the claimant performed it," and "the VE never affirmatively stated that the position could be performed per the DOT, she merely stated that sit/stand options are permitted in gate security positions based on her professional experience." (Docket no. 13 at 13.) Plaintiff further argues that the ALJ did not develop or clearly explain how he arrived at the conclusion that the Plaintiff could perform her past relevant work. (*Id*.)

---

work, either as the claimant actually performed it or as generally performed in the national economy.
20 C.F.R. §§ 404.1560 and 416.960.

Before an ALJ may rely upon a VE's testimony, the ALJ must ascertain whether any conflicts exist between the jobs identified by the VE and the DOT's classification of these jobs. Occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT. SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. 2000). SSR 00-4p places an affirmative duty upon an ALJ to: (1) ask the VE whether any conflicts exist between the expert's testimony and the DOT; (2) "elicit a reasonable explanation" for any such conflict; and (3) thereafter resolve any such conflicts. SSR 00-4p; *see e.g., Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 705-06 (E.D. Mich. 2003); *Young v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 644, 652 (E.D. Mich. 2004). According to the law of this Circuit, an ALJ is entitled to "rely solely on the vocational expert's testimony," even where that testimony is not based on the DOT, but on the VE's professional experience. *Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013).

Here, the ALJ, in compliance with SSR 00-4p, asked the VE whether her testimony was consistent with the DOT, to which the VE responded affirmatively, except for where she stated otherwise, *i.e.*, when she relied upon her professional experience. (TR 71.) This testimony is uncontradicted. The ALJ then resolved the conflicts between the DOT and the VE's testimony by stating:

> The undersigned notes that the Dictionary of Occupational Titles does not specifically address options to alternate between sitting or standing or the degree to which jobs require fast paced production requirements. However, pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is otherwise consistent with information contained within the Dictionary of Occupational Titles, and finds with respect to these issues, the vocational expert provided a reasonable explanation for her testimony, stating that her testimony was based upon her professional experience, which includes extensive experience serving as a vocational rehabilitation counselor and consultant. (Exhibit 14E).

(TR 32.)

Although the VE testified that Plaintiff could not perform her past relevant work as she performed it for Prudential Security, she did testify that Plaintiff 's past relevant work as a gate security guard was generally performed at a light work level per the DOT and that, in her professional experience, the gate security guard position offers sit/stand options and does not require fast-paced production rates. Notably, the VE's testimony regarding Plaintiff's past relevant work as generally performed is consistent with Plaintiff's RFC. The ALJ then resolved the conflicts between the DOT and the VE's testimony, and he appropriately relied on the VE's testimony in reaching his step-four determination, in accordance with 20 C.F.R. §§ 404.1560 and 416.960, SSR 82-61, and SSR 00-4p. Because the relevant inquiry is whether Plaintiff could return to her past *type* of work rather than her past job, the ALJ's finding that the Plaintiff could perform her past relevant work is substantially supported by the VE's testimony.

Furthermore, as stated above, the burden is on the claimant at step four of the sequential evaluation process to show that she is unable to perform her past relevant work. In this case, Plaintiff has provided no argument or evidence to show that she is unable to perform the functional demands and job duties of a gate security guard as generally required by employers throughout the economy. Accordingly, Plaintiff's Motion for Summary Judgment should be denied with regard to this issue.

## VI.  CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 13) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 17).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  December 4, 2018            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  December 4, 2018          s/ Leanne Hosking
                                  Case Manager